CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
August 06, 2024
LAURA A. AUSTIN, CLERK
BY  KRISTIN AYERSMAN
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No. 2:19CR00009-001 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **RAYMOND MICHAEL MOORE,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*Rachel Barish Swartz*, Assistant United States Attorney, Charlottesville, Virginia, for United States; *Erin Trodden*, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.

The question before the court is whether to reduce the defendant's sentence under the retroactive "zero-offense" provision of Part B of Amendment 821 to the United States Sentencing Guidelines Manual. A disputed issue is whether death was the result of the distribution of controlled substances by the defendant, a physician, thus making him ineligible for reduction. For the following reasons, I find that the defendant is not eligible for a reduction in sentence.

I.

Defendant Raymond Michael Moore was a primary care physician who from 2000 to 2019 operated a medical practice in Norton, Virginia. The Drug Enforcement Administration began an investigation of Moore in 2018 based on concerns from local pharmacists about Moore's over-prescribing of controlled drugs. Following a search of Moore's office pursuant to a warrant and a review of

his prescription data by a government medical expert, Moore was charged in this case.

Moore entered a guilty plea to the Indictment and a separate Information, including charges of distributing oxycodone and hydrocodone (Count One of the Information), as well as alprazolam and diazepam (Count Two of the Information), all without a legitimate medical purpose and beyond the bounds of medical practice. 21 U.S.C. § 841(a)(1), (b)(1)(C), (b)(2). He was sentenced on July 24, 2020, to a total term of 108 months' imprisonment, to be followed by three years of supervised release. Moore has a projected release date of May 23, 2026.

If the defendant were eligible for reduction under Part B of the Amendment, his scoring would be revised from a guideline sentencing range of 87 to 108 months to a range of 70 to 87 months' incarceration. A reduction comparable to his original sentence would produce a sentence of 87 months, representing the high end of the reduced range.

II.

A defendant is eligible for a two-level reduction under Part B of Amendment 821 where the defendant meets all of the following criteria:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
>
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

**(3)** the defendant did not use violence or credible threats of violence in connection with the offense;

**(4)** the offense did not result in death or serious bodily injury;

**(5)** the instant offense of conviction is not a sex offense;

**(6)** the defendant did not personally cause substantial financial hardship;

**(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

**(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

**(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

**(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[.]

U.S. Sent'g Guidelines Manual (USSG) § 4C1.1(a) (U.S. Sent'g Comm'n 2023).

The government contends that Moore fails to meet all of these criteria, relying solely on criteria number (4), providing that "the offense did not result in death or serious bodily injury." The government argues that the documented deaths of two of Moore's patients from overdoses preclude a reduction.[1]

---

[1] Neither the Indictment nor the Information charged Moore with a penalty enhancement under 21 U.S.C. § 841(b)(1)(C), requiring proof beyond a reasonable doubt that his conduct resulted in death. In addition, the government did not seek an upward

According to the record at sentencing, two patients who received controlled substance prescriptions from Moore died — GB and SD. GB died on September 14, 2017, of an accidental overdose three days after receiving his "regular prescriptions for opioids." Presentence Investigation Rep. ¶ 31, ECF No. 41. The medical examiner found that at the time of his death, GB had a "a toxic to potentially lethal level of oxycodone and a lethal level of its metabolite oxymorphone."[2] *Id*.

Patient SD died on February 22, 2018, caused by "acute oxycodone, hydrocodone, alprazolam and diazepam intoxication." *Id.* at ¶ 32. Three days before, she had filled prescriptions from Moore for oxycodone, hydrocodone, and alprazolam.

The defendant argues that because criteria (4) refers to the "offense" rather than the "offense of conviction" as used in the description of other criteria in § 4C1(a), and "offense" is defined in the comment to USSG § 1B1.1 as "the offense of conviction and all relevant conduct," the absence of an express finding at sentencing that such relevant conduct included the overdose deaths precludes a

---

variance or an upward departure under USSG § 5K2.1 (Death) based on the overdose deaths.

[2] A metabolite is "what a drug breaks down into in the body." *Burrage v. United States*, 571 U.S. 204, 207 (2014) (citation omitted).

finding now, citing *Dillon v. United States*, 560 U.S. 817, 831 (2010) (holding that a reduction under § 3582(c)(2) does not authorize a resentencing).

III.

In *Burrage v. United States*, 571 U.S. 204 (2014), the Court, interpreting 21 U.S.C. § 841(b)(1)(C), held that the correct meaning of "death results" was that the drug distributed by the defendant was the "but-for" cause of death and that a death caused by a combination of drugs, merely including the defendant's contribution, was insufficient. Assuming that this holding applies to USSG § 4C1.1(a)(4) as well, the evidence at the time of Moore's sentence was adequate to support a finding that death resulted form Moore's distribution, at least as to patient GB. Indeed, I so indicated at the sentencing hearing, stating on the record, "I find by a preponderance of the evidence at least that people died as a result of what he did." Sent'g Tr. 97, ECF No. 59.

Under these circumstances, I do not find the defendant's argument persuasive.

IV.

Considering the foregoing, I will deny the defendant relief under Amendment 821. A separate order will be entered herewith.

DATED: August 6, 2024

/s/ JAMES P. JONES
Senior United States District Judge